UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO: 3:09-CV-161-RJC-DCK

| | |
|---|---|
| STEPHEN SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| MICHAEL ASTRUE, ) | |
| ) | |
| Commissioner of Social Security. ) | |

**THIS MATTER IS BEFORE THE COURT** upon the Defendant Commissioner's "Motion to Dismiss" (Document No. 5) filed on July 9, 2009. Plaintiff opposes the motion. Plaintiff, through counsel, filed a request for judicial review of an unfavorable administrative decision on Plaintiff's application for disability benefits, but filed it more than sixty days beyond the presumptive date of receipt. This matter has been fully briefed and is ripe for review. After careful consideration of the record, including the written arguments and applicable authority, the undersigned recommends that the Commissioner's motion be **granted** for the following reasons:

## I. Background

On February 20, 2008, Administrative Law Judge Richard Harper ("ALJ") issued a decision denying Plaintiff's claim for benefits under Title II of the Social Security Act. (Document No. 6-2). Plaintiff requested review by the Appeals Council. On February 4, 2009, the Appeals Council denied this request, making the ALJ's decision the final decision of the Commissioner. 20 C.F.R. § 404.955, 404.981 (2008). On February 4, 2009, the Appeals Council mailed a written notice to the Plaintiff informing him that the Appeals Council had denied review of the ALJ's decision. (Document No. 6-4). The notice was sent to Plaintiff's address at 815 Burnley Rd, Charlotte North Carolina 28210. A copy of the notice was also sent to Plaintiff's counsel at P.O. Box 34788,

Charlotte, North Carolina 28235. In the notice, the Appeals Council specifically informed both the Plaintiff and his counsel that:

> We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period. If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. (Document No. 6-4, p.2).

The Appeals Council notice further advised that "[y]ou must make the request in writing and give your reason(s) in the request." (*Id.*). Plaintiff did not ask for an extension of time. Plaintiff, through counsel, filed his complaint for judicial review in this Court on April 16, 2009. (Document No. 1).

## II. Issue Before the Court

The dispositive issue before the Court is the date of Plaintiff's receipt of the Appeals Council's notice. Under the presumptive five-day notice rule, Plaintiff's complaint for judicial review is untimely. However, Plaintiff claims that he did not receive the notice until February 17, 2009. If he makes a reasonable showing that overcomes the regulatory presumption, then his April 16, 2009 complaint may be deemed timely.

## III. Analysis

The Social Security regulations establish that a claimant may seek judicial review within sixty days of the presumptive date of receipt and provide a rebuttable presumption that receipt of notice occurs "5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). Here, the presumptive date of receipt of the notice was February 9, 2009. Plaintiff had sixty (60) days from that presumptive date to seek judicial review in federal court. 42 U.S.C. § 405(g). The Defendant Commissioner indicates that Plaintiff had until April 10, 2009 to file for judicial review of the Commissioner's final decision. However, Plaintiff did not file his complaint for judicial review until April 16, 2009. (Document No. 1).

The United States Supreme Court has explained that Congress intended § 405(g) "to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits." *Califano v. Sanders*, 430 U.S. 99, 108 (1977); 42 U.S.C. § 405(g). "[T]he statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). The sixty-day time limit is a statute of limitations that constitutes a "condition on the waiver of sovereign immunity, and thus it must be strictly construed." *Id.* at 479.

Plaintiff did not seek judicial review within sixty days of the presumptive date for receipt of notice. 20 C.F.R. § 422.210(c). However, Plaintiff contends that he actually received the Appeals Council's notice on February 17, 2009, and thus, had until April 18, 2009 to seek judicial review. (Document No. 7, pp. 1-2 ). Plaintiff's speculation that the Appeals Council might have delayed mailing the letter does not constitute a "reasonable showing" to overcome the presumption of receipt in five days. (Document No. 7, pp. 4-5); 20 C.F.R. § 422.210(c). Although Plaintiff submits his own affidavit in support, this is not sufficient to rebut the regulatory presumption of receipt within five days. In *Pettway v. Barnhart*, the Court discussed this issue in depth and explained:

> Courts have repeatedly concluded that a bald denial of timely receipt by the plaintiff and/or her attorney, even if made under oath, is insufficient to constitute a "reasonable showing" sufficient to rebut the regulatory presumption. The result is the same when the plaintiff's affidavit offers an explanation for late or failed receipt that is either facially insufficient or unsupported by extrinsic evidence. In every known case in which a reasonable showing of delayed or failed receipt has been judicially acknowledged, the plaintiff offered evidence corroborating his or her denial of timely receipt. 233

F.Supp2d 1354, 1357 (S.D. Al. 2002) (collecting cases).[1]

Counsel argues that Plaintiff's allegation of delayed receipt is corroborated by the notes and affidavit of counsel's receptionist, who indicates that she logged receipt of the notice in Plaintiff's case on February 17, 2009. While the undersigned does not question her veracity, numerous courts have found affidavits, even if made in good faith, to be insufficient. See, e.g., *Roberts v. Shalala*, 8848 F. Supp. 1008, 1016 (N.D. Ga. 1994) (finding that receptionist's affidavit was not sufficient corroboration to establish a reasonable showing of delayed receipt); *Leslie v. Bowen*, 695 F. Supp. 504, 506 (D. Kan. 1988) (observing that the "presumption would serve little purpose" if a statement alleging late or nonreceipt, even if in affidavit form, could alone defeat the presumption); *Velez v. Apfel*, 2000 WL 1506193 at *1 (2nd Cir. 2000) (affirming dismissal on this basis).

In short, Plaintiff has not put forth sufficient independent evidence to corroborate his own allegation of delayed receipt, for instance a post-mark on the envelope, a signed certified receipt, or a date-stamp on the notice, indicating the date the notice was received at counsel's office. See, e.g., *Lozano v. Ashcroft*, 258 F.3d 1160, 1166 (10th Cir. 2001) (finding that a date-stamped copy confirming the date of receipt, accompanied by an affidavit, was sufficient evidence of the actual date of receipt); *Lee v. Barnhart*, 2002 WL 1034711, at *1 (finding that several affidavits and a date-stamped copy of the notice was "barely sufficient" to rebut the presumption of timely receipt where plaintiff asserted the notice was received six days late); *Pettway*, 233 F. Supp.2d at 1358 n. 7 (finding that copies of hand-written notations regarding the date of receipt were *not* sufficient to

---

[1] The present Plaintiff indicates he remembers receiving the notice on his anniversary, February 17, 2009. In *Pettway*, the claimant similarly indicated by affidavit that she remembered receiving the notice because it was Halloween. The *Pettway* court found this affidavit insufficient by itself and relied largely on a date stamp which corroborated the actual date of receipt.

make a reasonable showing of delayed receipt, but accepting evidence of an ink-stamped date of receipt as sufficient to corroborate an affidavit regarding minor delay in receipt at a time when some postal service had been delayed by anthrax threats).

Although the undersigned is sympathetic to the Plaintiff's situation, the record does not reflect sufficient reason to find a basis for equitable tolling. The Commissioner points out that courts will extend the limitations period only in rare cases "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476 U.S. at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)); and see, e.g., *Sparks v. Astrue*, 2009 WL 174942, *1 -2 (W.D.Ark.) (finding no basis for equitable tolling).

The Commissioner points out that "Plaintiff has also offered no justification for his failure to request an extension of time from the Commissioner in the first instance." (Document No. 6, p. 6). See 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). As explained in plain language in the Appeals Council's notice, Plaintiff could have requested an extension of time. The Appeals Council will grant (for "good reason") a request for extension of time to file a civil action as specified in 42 U.S.C. § 405(g) and in 20 C.F.R. § 422.210. In conclusion, the Plaintiff's complaint for judicial review was untimely and should be dismissed.

**IT IS, THEREFORE, RECOMMENDED** that the Defendant Commissioner's Motion to Dismiss (Document No. 5) should be **GRANTED.**

Signed: August 5, 2009

David C. Keesler
United States Magistrate Judge