UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:09cv161-RJC-DCK

| STEVEN L. SMITH, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | ORDER |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |  |
| Defendant. | ) |  |

**THIS MATTER** comes before the Court on the Commissioner's motion to dismiss (Doc. No. 5) and the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 10). The Court has considered the arguments supporting and opposing the Commissioner's motion, and the arguments supporting and opposing plaintiff's objections (Doc. Nos. 6, 7, 9, 10, 11, 12). The matter is now ripe for determination.

## I. BACKGROUND

The Court adopts and reiterates the facts contained in the M&R as follows:

> On February 20, 2008, [the] Administrative Law Judge . . . ("ALJ") issued a decision denying Plaintiff's claim for benefits under Title II of the Social Security Act. (Document No. 6-2). Plaintiff requested review by the Appeals Council. On February 4, 2009, the Appeals Council denied this request, making the ALJ's decision the final decision of the Commissioner. 20 C.F.R. § 404.955, 404.981 (2008). On February 4, 2009, the Appeals Council mailed a written notice to the Plaintiff informing him that the Appeals Council had denied review of the ALJ's decision. (Document No. 6-4). The notice was sent to Plaintiff's address at 815 Burnley Rd, Charlotte, North Carolina 28210. A copy of the notice was also sent to Plaintiff's counsel at P.O. Box 34788, Charlotte, North Carolina 28235. In the notice, the Appeals Council specifically informed both the Plaintiff and his counsel that:

> We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period. If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. (Document No. 6-4, p.2).

The Appeals Council notice further advised that "[y]ou must make the request in writing and give your reason(s) in the request." (Id.). Plaintiff did not ask for an extension of time. Plaintiff, through counsel, filed his complaint for judicial review in this Court on April 16, 2009. (Document No. 1).

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that "a district court shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). De novo review is not required by the statute when an objecting party makes only general or conclusory objections that do not direct the court to the specific error in the magistrate judge's recommendations. Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Further, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the Court has conducted a careful review of the Magistrate Judge's M&R.

## III. DISCUSSION

The M&R recommends granting the Commissioner's motion to dismiss because plaintiff's complaint for judicial review was untimely. Plaintiff offers two main objections to the M&R. First, plaintiff objects to the M&R's finding that plaintiff has not put forth sufficient independent evidence to corroborate his own allegation of delayed receipt. Second, plaintiff objects to the M&R's

reasoning that plaintiff should have provided "a post-mark on the envelope, a signed certified receipt, or a date-stamp on the notice."

Pursuant to the Social Security regulations, a claimant may seek judicial review within sixty days of the presumptive date of receipt of the Appeals Council's notice. The regulations establish a rebuttable presumption that a claimant receives notice "5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c). In this case, as the M&R found, the presumptive date of notice was February 9, 2009, five days after the February 4, 2009 date of the Appeals Council's notice. Plaintiff thus had sixty days from that presumptive date to seek judicial review in federal court, unless he has offered enough evidence to overcome the presumption of notice. See 42 U.S.C. § 405(g). If plaintiff has failed to rebut the presumption, then the cut-off date for filing in federal court was April 10, 2010, and his filing this appeal on April 16, 2010 was untimely. However, if plaintiff has offered enough evidence to show that he actually received notice on February 17, 2010, then his April 16 filing was within the sixty-day period and thus timely.

The United States as sovereign is immune from suit, and it may not be sued absent Congressional consent. Block v. North Dakota, 461 U.S. 273, 287 (1983); United States v. Mitchell, 445 U.S. 535, 538 (1980). The sixty-day limit on judicial review "must be strictly construed" because it is "a condition on the waiver of sovereign immunity." Bowen v. City of New York, 476 U.S. 467, 479 (1986). The Court thus has no jurisdiction to hear a claim against the United States if the claim falls outside the terms of the United States' consent. Mitchell, 445 U.S. at 538. The sixty-day limit also serves a practical function, as it is "a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually." Bowen, 476 U.S. at 481.

Plaintiff failed to seek judicial review within sixty days of the presumptive date of notice. He argues that he did not receive notice on the presumptive date of February 9, but rather on February 17, eight days later. As support for this contention, plaintiff offers his own affidavit stating that he remembers specifically receiving the letter on February 17 because that is the date of his wedding anniversary. However, "Courts have repeatedly concluded that a bald denial of timely receipt by the plaintiff and/or [his] attorney, even if made under oath, is insufficient to constitute a 'reasonable showing' sufficient to rebut the regulatory presumption. Pettway v. Barnhart, 233 F. Supp. 2d 1354, 1357 (S.D. Al. 2002) (collecting cases).¹ Further, plaintiff's theory that the Appeals Council might have delayed in sending notice is not a "reasonable showing" that rebuts the regulatory presumption of receipt within five days. 20 C.F.R. § 422.210(c).

Plaintiff offers as corroboration of his affidavit the notes and affidavit of his attorney's receptionist, Niche White. White states that on February 17, counsel for plaintiff received a copy of the Appeals Council notice that was sent to plaintiff. The affidavit does not state from where the notice was received – whether it was counsel's P.O. Box, or whether plaintiff himself furnished counsel with the notice on that date. The copy of the electronic record that White made of the receipt of notice likewise does not state from whom counsel received the copy of the letter. Regardless of the lack of clarity, however, this affidavit is insufficient to support plaintiff's contentions. See, e.g., Roberts v. Shalala, 848 F. Supp. 1008, 1016 (N.D. Ga. 1994) (finding receptionist's affidavit insufficient to corroborate claim of delayed receipt). The Court, like the Magistrate Judge, does not question the veracity of Ms. White. However, her affidavit along with a note she placed in the

---

¹ Plaintiff's reason as to why he is able to remember the exact date when he received the letter does not change the fact that it is a bald denial of receipt contained in plaintiff's own affidavit. See Pettway, 233 F. Supp. 2d at 1356 (affidavit insufficient where plaintiff claimed she remembered receiving notice because it was Halloween).

4

system on February 17 to the effect that counsel had received a copy of the notice simply do not represent sufficient independent evidence to corroborate plaintiff's assertion of delayed receipt.

Without more evidence, plaintiff has not overcome the presumption that he received notice on February 9, 2009. Further, he has not provided the Court with an adequate basis for equitable tolling. Plaintiff was explicitly informed in the Appeals Council notice that he could seek an extension with the Appeals Council if he was unable to file for court review within sixty days. Yet plaintiff never sought an extension from the Appeals Council. The equities do not weigh so greatly in favor of tolling the limitations period such that "deference to the agency's judgment is inappropriate." Bowen, 476 U.S. at 480 (citation omitted).

The most obvious evidence in support of plaintiff's contention that he received delayed notice would be the postmarked envelope in which the letter was sent. Although the postmarked envelope would not confirm the date of receipt, a postmark date later than February 4 would make it more likely that plaintiff received the notice after the presumed date of February 9. If both plaintiff and counsel each received letters of notice, even one of the two postmarked envelopes could support plaintiff's contention. Further, plaintiff could have offered evidence of a communication with the Appeals Council seeking an extension beyond the sixty-day period. See 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). Evidence of such a communication would further corroborate the claim that he received delayed notice. But plaintiff offers no such evidence.

The Court certainly empathizes with plaintiff's claim, especially considering counsel should have known, based on the Appeals Council notice dated February 4, that there was at least a chance the February 9 date of presumptive receipt would apply. The evidence before the Court, however, does not overcome the regulatory presumption that plaintiff received notice on February 9. In

fulfilling its obligation to strictly construe the sixty-day limitations period, the Court cannot accept as adequate the minimal corroboration that plaintiff provides. See <u>Bowen</u>, 476 U.S. at 467.

The Court need not address plaintiff's second objection, as it merely refutes the suggestions by the Magistrate Judge regarding what plaintiff might have done to sufficiently corroborate his allegation of delayed receipt.

## IV.  CONCLUSION

**IT IS, THEREFORE, ORDERED** that the Commissioner's motion to dismiss is **GRANTED** and plaintiff's case is **DISMISSED**.

Signed: December 9, 2009

Robert J. Conrad, Jr.
Chief United States District Judge